**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| John Doe, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| Matt Weintraub, | : | |
| District Attorney of Bucks County, | : | |
| in his official capacity only, | : | No. _____ |
| | : | |
| and | : | CIVIL ACTION |
| | : | |
| Michelle Henry, | : | |
| Attorney General of Pennsylvania, | : | |
| in her official capacity only, | : | |
| | : | |
| Defendants. | : | |

**Complaint**

Plaintiff John Doe by undersigned counsel, Mette, Evans & Woodside, seeks a permanent injunction against enforcement of the provisions of Section 17.2 of Pennsylvania's Educator Discipline Act ("Act"),[1] a statute that criminalizes disclosure of truthful information lawfully given and received by a citizen in connection with the filing of an educator misconduct complaint with the Pennsylvania Department of Education. The Act's prohibition on disclosure violates the First Amendment's free speech guarantee, both facially and as applied.

**I.     Parties**

1.     Plaintiff John Doe ("Doe")[2] is an adult individual who resides in Bucks County, Pennsylvania.

---

[1] Act of December 12, 1973 (P.L. 397, No. 141), as amended December 18, 2013 (P.L. 1205, No. 120).

[2] Plaintiff is threatened with criminal prosecution under the law that he challenges if he should reveal his identity in connection with the facts stated in this complaint. Accordingly, plaintiff identifies himself only as John Doe in this complaint and he contemporaneously files a motion for leave to proceed pseudonymously and to file the exhibits to this complaint under seal.

2.      Defendant Matt Weintraub ("District Attorney") is the District Attorney of Bucks County, Pennsylvania, who is sued in his official capacity only.

3.      The District Attorney is the chief law enforcement officer of Bucks County and is "charged with prosecuting all criminal and other prosecutions occurring in Bucks County.  See *In re Dauphin Cnty. Fourth Investigating Grand Jury*, 943 A.2d 929, 938 (Pa. 2007); *see also* 71 P.S. § 732-206(a).

4.      Defendant Michelle Henry ("Attorney General") is the Attorney General of Commonwealth of Pennsylvania who is sued in her official capacity only.

5.      The Attorney General is the chief law enforcement officer of Pennsylvania and is statutorily vested with authority to bring criminal prosecutions as prescribed by Pennsylvania's Commonwealth Attorneys Act.  *See generally* 71 P.S. at § 732-205 (prescribing criminal prosecutorial authority of Attorney General), § 732-206(a) (chief law enforcement officer).

6.      The Attorney General is further required by Pennsylvania statute "to uphold and defend the constitutionality of all statutes" when challenged.  71 P.S. § 732-204(a)(3).

## II.     Jurisdiction and Venue

7.      Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343, conferring original jurisdiction on the district courts of the United States for civil actions authorized by law to be commenced by any person to recover relief under any Act of Congress.  This suit is authorized pursuant to 42 U.S.C. § 1983.  An award of costs and attorney's fees is authorized pursuant to 42 U.S.C. § 1988.

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because the Eastern District of Pennsylvania is the district in which a substantial part of the events giving rise to the claim occurred.

9.      This action seeks equitable relief and is therefore not subject to arbitration.

**III.    Facts**

10.     The averments of the foregoing paragraphs are incorporated by reference.

11.     On June 26, 2023, Doe submitted an educator misconduct complaint ("Misconduct Complaint") with the Pennsylvania Department of Education ("Department") via the Department's online portal.  A copy of the Misconduct Complaint is attached as Exhibit A.

12.     The Misconduct Complaint was filed against an individual employed by a public school district located in Bucks County.

13.     The online form maintained by the Department contains the following statement,

### Confidentiality Notice

**The educator misconduct complaint process is confidential and any unauthorized release of confidential information is a misdemeanor of the third degree. See 24 P.S. § 2070.17(b).** All information relating to complaints must remain confidential unless or until public discipline is imposed. Thus, the filing of a complaint, the Department's investigation of a complaint and the disposition of the complaint prior to the imposition of public discipline, as well as any and all information learned as a result of the Department of Education's investigation, is strictly confidential.

Exhibit A, p. 4 (emphasis added).

14.     The cited section of the Educator Discipline Act states,

**§ 2070.17b. Confidentiality**

(a) Except as otherwise provided in this act, **all information relating to any complaints or any proceedings relating to or resulting from such complaints, including the identity of the complainant, shall remain confidential, unless or until discipline is imposed, other than a private reprimand or a supplemental sanction deemed private by the commission, any provision of law to the contrary notwithstanding unless otherwise specified in this act.** All records pertaining to proceedings resulting in public discipline, excluding those records that are privileged or otherwise protected from release, shall become public after the exhaustion of all appeals except where the commission has determined that immediate discipline is necessary. Records pertaining to immediate discipline proceedings are public at the time that the immediate discipline is imposed.

(b) **Any person who releases or gives out information deemed confidential under this act, without authorization of the commission or as authorized by this act, commits a misdemeanor of the third degree.**

(c) This section shall not prohibit any person from disclosing information previously made public as a result of action by a school entity to discipline or dismiss an employe for cause or as a result of an employe's having been formally indicted for or convicted of a crime or from disclosing information that was known or available independently of the disciplinary proceeding.

(d) The provisions of this section shall not apply to information relating to reinstatements or to proceedings under section 9.2 or 9.5.

(e) The commission may order the release of confidential information upon petition of any interested party when it is just and proper. Petitions for release of information deemed confidential under this section shall be filed with the commission in accordance with procedures established by the commission.

(f) Nothing in this section shall be construed to:

> (1) Deny an educator access to information necessary to prepare a defense in a disciplinary proceeding under this act.
> (2) Prevent the department or a school entity from investigating or prosecuting allegations of misconduct.
> (3) Prevent the commission, the department or a school entity from providing information to or consulting with a law enforcement, child protective services or licensing agency of the Commonwealth or other state or jurisdiction.
> (4) Prevent a school entity from disclosing information developed in the course of investigations conducted by the school entity whether conducted independently or by direction of the department in any disciplinary proceeding against the educator.

(g) **An individual contacted in the course of the department's investigation and prosecution shall be subject to the confidentiality provisions of this section.**

24 P.S. § 2070.17b (emphasis added).

15.     On July 22, 2023, the Department sent a letter advising Doe that it would take no action on his complaint and would dismiss Doe's complaint against the public educator. A copy of such letter is attached as Exhibit B.

16.     The letter went on to state,

> **In closing, I must inform you that the Educator Discipline Act provides that any unauthorized release of confidential information is a misdemeanor of the third degree. <u>See</u> 24 P.S. § 2070.17b.** The Educator Discipline Act, which sets forth in detail the disciplinary procedures and confidentiality requirements, can be accessed on the Department's website at: www.pspc.education.pa.gov/educatordisciplineact. A copy of the Act will be provided upon request.

Exhibit B (emphasis added).

17.     Doe desires to disclose the fact that he filed the Misconduct Complaint, publish the contents thereof, and further disclose the communication he received from the Department with the Department's refusal to take action against the educator that was the subject of his misconduct complaint.

18.     However, due to the Act's criminal penalties for disclosure of any information about the filing and disposition of the Misconduct Complaint, Doe fears prosecution if he should publish such information and publicly criticize the Department for its failure to take action.

19.     The Act contains a provision by which a citizen may seek a release of information from the scope of the Act's prohibition on disclosure.

> The commission may order the release of confidential information upon petition of any interested party when it is just and proper. Petitions for release of information deemed confidential under this section shall be filed with the commission in accordance with procedures established by the commission.

24 P.S. § 2070.17b(e).

20.     This provision of the Act ("Just and Proper Clause") is unconstitutional, because it imposes on private citizens desiring to speak about matters concerning the workings of government the burden of obtaining prior approval from the government itself in advance of speaking and disclosing information deemed confidential under the Act.

21.     Thus, even with the Just and Proper Clause, the Act still violates the First Amendment in imposing subsequent penal sanctions on citizens such as Doe who wish to engage

in speech about, and publish documents concerning, the filing of educator misconduct

complaints and the Department's handling thereof.

22.    Doe has no adequate remedy at law.

**Count I**
**Unconstitutionality of Section 17.2 of the Educator Discipline Act As Applied**
**Permanent Injunction**
**U.S. Const. amend. I**
**(42 U.S.C. § 1983)**

23.    The averments of the foregoing paragraphs are incorporated by reference.

24.    The Act is unconstitutional as applied to Doe, because it prohibits Doe from

speaking and freely publishing and republishing information and documents concerning:

a) the fact that Doe filed a complaint against a public educator with the

Department;

b) the identity of the individual against whom Doe filed the complaint;

c) the substance of the complaint that Doe filed, including the form itself;

d) the Department's disposition of Doe's complaint; and

e) communications from the Department in response to Doe's complaint.

25.    As a direct and proximate result of the application of the Act to Doe, Doe's

speech rights have been chilled.

26.    In the absence of the Act's restrictions on speech, Doe would communicate with

personal acquaintances and the public about the Misconduct Complaint he filed with the

Department and the Department's failure to take action thereon.

27.    However, Doe fears to engage in such speech and publication because he faces

the prospect of criminal prosecution if he should even so much as disclose the fact of the filing of

the complaint against the educator.

28.     Doe likewise fears prosecution if he should disclose the contents of the Misconduct Complaint, the Department's disposition thereof, and the contents of the communication from the Department advising Doe of such disposition.

29.     As a content-based restriction on the speech of private citizens, the Act's restrictions on speech fail strict scrutiny.

30.     The Act's restrictions on speech are not narrowly tailored to serve a compelling state interest.

31.     The Act further fails the *Daily Mail* test[3], as the government cannot establish an interest "of the highest order" to justify its restrictions on a citizen's truthful speech and disclosure of authentic government documents on matters of public importance such as the Department's handling of educator misconduct complaints.

WHEREFORE, Doe prays the Court to find Section 17.2 of the Act UNCONSTITUTIONAL AS APPLIED under the First Amendment and PERMANENTLY ENJOIN the District Attorney and Attorney General from filing criminal charges against Doe under Section 17.2 of the Act of December 12, 1973 (P.L. 397, No. 141), as amended December 18, 2013 (P.L. 1205, No. 120), 24 P.S. § 2070.17b, for disclosing the fact that he has filed a complaint with the Department, disclosing the contents of such complaint, disclosing the Department's disposition of his complaint, and disclosing communications from the Department concerning his complaint, AWARD attorney's fees and costs, and GRANT whatsoever other relief as is just and equitable.

---

[3] Smith v. Daily Mail Publ'g Co., 443 U.S. 97 (1979).

**Count II**
**Facial Unconstitutionality of Section 17.2 of the Educator Discipline Act**
**Permanent Injunction**
**U.S. Const. amend. I**
**(42 U.S.C. § 1983)**

32.     The averments of the foregoing paragraphs are incorporated by reference.

33.     The Act is substantially overbroad in punishing the truthful speech of private citizens about the workings of government when compared to its plainly legitimate sweep.

34.     Every private citizen desiring to disclose from personal knowledge the fact and contents of the filing of an educator misconduct complaint, communications between the citizen and the Department concerning such a complaint, and actions by the Department in response to educator misconduct complaints, face unconstitutional criminal penalties in violation of their free speech rights under the First Amendment.

35.     As a content-based restriction on the speech of private citizens, the Act's restrictions on speech fail strict scrutiny.

36.     The Act's restrictions on speech are not narrowly tailored to serve a compelling state interest.

37.     The Act further fails the *Daily Mail* test[4], as the government cannot establish an interest "of the highest order" to justify its restrictions on a citizen's truthful speech and disclosure of authentic government documents on matters of public importance such as the Department's handling of educator misconduct complaints.

WHEREFORE, Doe prays the Court to find Section 17.2 of the Act FACIALLY UNCONSTITUTIONAL under the First Amendment and PERMANENTLY ENJOIN the District Attorney and Attorney General from filing criminal charges against Doe under Section

---

[4] *See* footnote 3, *supra*.

17.2 of the Act of December 12, 1973 (P.L. 397, No. 141), as amended December 18, 2013 (P.L. 1205, No. 120), 24 P.S. § 2070.17b, for disclosing the fact that he has filed a complaint with the Department, disclosing the contents of such complaint, disclosing the Department's disposition of his complaint, and disclosing communications from the Department concerning his complaint, AWARD attorney's fees and costs, and GRANT whatsoever other relief as is just and equitable.

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

By: _____
Aaron D. Martin
Pa. Atty. I.D. No. 76441
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000 (phone)
admartin@mette.com

*Attorneys for Plaintiff,*
*John Doe*

Date: August 23, 2023.

9