**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN DOE,** *a pseudonym*, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 23-3252-KSM** |
| **MATT WEINTRAUB,** *et al.,* | |
| Defendants. | |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                                **November 16, 2023**

On August 23, 2023, Plaintiff initiated this action under the pseudonym "John Doe"
against the District Attorney of Bucks County and the Attorney General of Pennsylvania in their
official capacities. (Doc. No. 1.) Plaintiff challenges § 2070.17b of Pennsylvania's Educator
Discipline Act under the First Amendment, arguing that § 2070.17b is unconstitutional on its
face and as applied to him. (*Id.*) In his current motion, Plaintiff requests leave to proceed under
pseudonym and to file documents under seal. (Doc. No. 6.) During a preliminary pretrial
conference with the Court, Defendants confirmed that they do not oppose the motion. For the
reasons discussed below, the motion is granted in part and denied in part.

## I.     BACKGROUND

The Educator Discipline Act governs educator misconduct complaints filed with the
Pennsylvania Department of Education and mandates that "all information relating to any
complaints or any proceeding relating or resulting from such complaints . . . shall remain
confidential, unless or until discipline is imposed . . . unless otherwise specified in this [A]ct."
24 Pa. Cons. Stat. § 2070.17b(a). "Any person who releases or gives out information deemed
confidential under this [A]ct, without authorization of the commission or as authorized by this

[A]ct, commits a misdemeanor of the third degree." *Id.* § 2070.17b(b).

On June 22, 2023, Plaintiff submitted an educator misconduct complaint "against an individual employed by a public school district located in Bucks County." (Doc. No. 1 at ¶ 11; Doc. No. 23 at ¶¶ 4–5.)  A redacted version of the misconduct complaint is attached to Plaintiff's pleading. (Doc. No. 1-2.)  On July 26, 2023, the Department notified Plaintiff that it was dismissing his misconduct complaint without taking further action. (Doc. No. 1 at ¶ 15; Doc. No. 23 at ¶ 8.)  The letter reminded Plaintiff that "any unauthorized release of confidential information is a misdemeanor" under the Act. (Doc. No. 1 at ¶ 6; *see also* Doc. No. 1-3.)  A redacted version of the letter is also attached to Plaintiff's pleading. (Doc. No. 1-3.)  Plaintiff wishes to publicize the nature of his misconduct complaint and the Department's disposition, but he is concerned that he will face "the prospect of criminal prosecution if he should even so much as disclose the fact of the filing of the complaint against the educator." (Doc. No. 1 at ¶¶ 26–28.)  By limiting his and other complainants' ability to speak about their misconduct complaints, Plaintiff argues that the Act violates the First Amendment.  All parties have moved for summary judgment. (Doc. Nos. 20, 24, 25.)

## II.     DISCUSSION

In his current motion, Plaintiff seeks leave to proceed pseudonymously and to seal unredacted versions of the exhibits attached to his Complaint. (Doc. No. 6-1.)  Defendants do not oppose that motion; however, because motions for leave to proceed under pseudonym and motions to seal intrude on the public's right of access to judicial proceedings, the Court cannot grant them as unopposed without further analysis.  *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993).

### A.     Leave to Proceed Under Pseudonym

The Court begins with Plaintiff's motion for leave to proceed under pseudonym.

1.       **Legal Standard**

Federal Rule of Civil Procedure 10(a) requires a plaintiff to identify the parties by their real names in the complaint.  Fed. R. Civ. P. 10(a); *see also Megless*, 654 F.3d at 408; *Doe v. Rutgers*, Civ. No. 2:18-cv-12952-KM-CLW, 2019 WL 1967021, at *1 (D.N.J. Apr. 30, 2019).  "Courts have explained that [Rule 10(a)] illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'"  *Megless*, 654 F.3d at 408 (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)).  "Identifying parties to the proceeding is an important dimension of publicness" because the "people have a right to know who is using their courts."  *Id.* (cleaned up).

"A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'"  *Id.* at 408 (citation omitted).  Nevertheless, in exceptional cases, courts have permitted litigants to proceed pseudonymously, even though there is no explicit authority for doing so in the Federal Rules.  *Id.* (discussing the district court's "discretion to determine whether the exceptional circumstances warranting anonymity are present"); *see also Doe v. Brennan*, No. 5-19-cv-5885, 2020 WL 1983873, at *1 (E.D. Pa. Apr. 27, 2020).  For example, courts in this Circuit have allowed plaintiffs to use pseudonyms in cases involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality."  *Megless*, 654 F.3d at 408; *see also Doe v. Triangle Doughnuts, LLC*, No. 19-cv-5275, 2020 WL 3425150, at *4 (E.D. Pa. June 23, 2020).  And courts in other Circuits have allowed plaintiffs to proceed under pseudonym when the lawsuit reviews an administrative proceeding that is required to be confidential under federal or state law.  *See Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 71–75 (1st Cir. 2022) (explaining that "party anonymity ordinarily will be warranted" when the suit is "bound up with a prior proceeding made confidential by law" and finding that the district court abused its discretion when it denied the

3

plaintiff's motion to proceed pseudonymously in a case challenging a university's actions in an underlying proceeding that was required to be confidential under Title IX); *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 371 (S.D.N.Y. 2019) (granting plaintiffs' motion to proceed anonymously because, among other reasons, "the related records from the New York Family Courts are protected by law from indiscriminate public inspection, and immigration matters are treated with sensitivity under the Federal Rules of Civil Procedure and INA" (internal citations omitted)).

To determine whether anonymity is warranted, the Third Circuit has explained that "district courts should balance a plaintiff's interest and fear [of disclosure] against the public's strong interest in an open litigation process." *Megless*, 654 F.3d at 408. In conducting that balancing test, courts in this Circuit weigh nine, non-exhaustive factors, six of which favor anonymity and three of which favor "the traditional rule of openness." *Id.* at 409–10 (endorsing the nine-factor test first articulated in *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997)); *accord Doe v. Coll. of N.J.*, 997 F.3d 489, 495 (3d Cir. 2021).

The factors that support the use of a pseudonym include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68). On the other hand, factors that weigh against anonymity include:

> (1) the universal level of public interest in access to the identities of the litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise,

there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68).

### 2.   Discussion

The Court begins with the six factors supporting anonymity before turning to the three factors supporting disclosure.

#### a.   *Factors that Support the Use of a Pseudonym*

First, the Court considers the extent to which Plaintiff's anonymity has been preserved. This factor favors plaintiffs "who 'make substantial efforts to maintain anonymity' and '[l]imit disclosure of sensitive information to few other people.'" *Rutgers*, 2019 WL 1967021, at *2 (citation omitted).  Plaintiff claims that his "identity in this case is not already publicly known." (Doc. No. 6-1 at 5.)  *See Doe v. Coll. of N.J.*, Civil Action No. 19-20674 (FLW) (ZNQ), 2020 WL 360719, at *3 (D.N.J. Jan. 22, 2020) ("The Court accepts Doe's contention that she 'has made significant efforts to maintain the confidentiality of her identity,' and will weigh the first factor in favor of her use of a pseudonym." (citations omitted)).  And consistent with this claim, Plaintiff has not revealed his identity in any of the documents filed on the public docket in this case, and he seeks an order allowing him to seal the exhibits to his Complaint to the extent they state his name. *See Doe v. Oshrin*, 299 F.R.D. 100, 103 (D.N.J. 2014) ("Plaintiff's identity is not disclosed in any of the pleadings, motions, and/or exhibits in this action.  In addition, Plaintiff asserts that her identity was 'kept confidential throughout the criminal proceedings.'  The Court therefore concludes that the first factor favors anonymity." (internal citations omitted)). Accordingly, the first factor weighs in favor of anonymity.

Second, we consider Plaintiff's reasons for seeking anonymity and whether those reasons

are reasonable and substantial.  To proceed under pseudonym, a plaintiff must demonstrate "both (1) fear of severe harm, and (2) that the fear of severe harm is reasonable."  *Megless*, 654 F.3d at 408 (citation omitted).  A plaintiff's fear that he may suffer embarrassment or economic harm does not suffice.  *Id.*; *see also Doe v. Temple Univ.*, Civil Action No. 14-04729, 2014 WL 4375613, at *1 (E.D. Pa. Sept. 13, 2014).  Here, Plaintiff argues that he has a "reasonable fear of criminal prosecution should he identify himself or disclose the individually identifiable information contained in his communications with the Pennsylvania Department of Education." (Doc. No. 6-1 at 5.)  The Court agrees.  The Act criminalizes public disclosure of Plaintiff's identity in connection with the misconduct complaint, and the threat of prosecution under the Act is both real and substantial, especially given Defendants' refusal to disclaim any intent to prosecute Plaintiff under the Act.  The second factor also weighs in favor of anonymity.

The third factor looks to the "magnitude of the public interest in maintaining the confidentiality of the litigant's identity."  *Megless*, 654 F.3d at 409.  In *Megless*, the Third Circuit framed the relevant question as:  "[I]f this litigant is forced to reveal [ ] her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?"  654 F.3d at 410.  Plaintiff does not address this question, and instead, argues that even though he would prefer full disclosure, the Act itself reflects a public interest in maintaining confidentiality:  "Plaintiff *wants* to disclose his identity and the unredacted exhibits to his complaint (such, in fact, is the relief he seeks in his suit), whereas the public policy of Pennsylvania as embodied in the Act prohibits such disclosure."  (Doc. No. 6-1 at 6.)  The Act supports Plaintiff's assertion, requiring confidentiality "unless or until discipline is imposed," seemingly in an effort to protect complainants and the targets of misconduct complaints while the Department's investigation is ongoing.  *See* 24 Pa. Cons. Stat. § 2070.17b.  Given these

concerns, the Court agrees that the public's interest in maintaining the confidentiality of misconduct complaints outweighs the need for a fully public judicial proceeding at this time.  *Cf. Triangle Doughnuts, LLC*, 2020 WL 3425150, at *6 ("Additionally, in regard to factor (3), the public interest for maintaining the confidentiality of the litigant's identity outweighs the need for a public judicial proceeding.  Unlike the suspicious person alerts in *Megless* that were found to not be prevalent in society, 654 F.3d at 410, employment discrimination cases based on gender identity deal with important societal issues of equity and personal value.").  Accordingly, this factor weighs slightly in favor of anonymity.

Fourth, we consider whether Plaintiff's claims are purely legal in nature, such that there is an "atypically weak public interest in knowing the litigants' identities."  *Megless*, 654 F.3d at 409 (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68).  Here, Plaintiff brings an as applied challenge to the Act's confidentiality provisions in addition to a facial challenge, suggesting the case will turn at least in part on the specific facts presented.  *Cf. Rosedale v. Township of Reading*, 2021 WL 1627086, at *2 (D.N.J. Feb. 23, 2021) ("While the remaining theories of liability in Plaintiff's Complaint—including its other constitutional claims and as-applied challenge to [the New Jersey statute]—center on a single core of operative facts, Plaintiff's facial vagueness challenge does not depend on any of those facts.  Rather, it depends on the language of [the statute] itself, and therefore is capable of resolution all on its own.").  That said, the facts are essentially undisputed.  Indeed, the parties have submitted a joint statement of undisputed material facts in support of their motions for summary judgment.  (*See* Doc. No. 23.)  This means the Court's analysis will focus primarily on legal questions and application of the law to the undisputed facts.  "Moreover, even if Plaintiff's actual identity remains confidential, these proceedings will remain public, thereby preserving any general

public interest in the subject matter of this litigation." *Doe v. Oshrin*, 299 F.R.D. 100,104 (D.N.J. 2014). Accordingly, the fourth factor weighs slightly in favor of anonymity. *See id.* ("The Court does not find a public interest in ascertaining Plaintiff's actual identity. The allegations set forth in Plaintiff's complaint require the Court to resolve primarily legal issues, and then to address whether, and to what extent, Plaintiff suffered specific damages.").

The fifth factor concerns whether Plaintiff will refuse to pursue this litigation if he is required to publicly identify himself. Plaintiff has not represented that he would withdraw his claims if publicly identified, stating only, "[s]hould pseudonymity be denied to Plaintiff, he would need to file suit in his proper name and thereby violate the very terms of the act that he seeks to overturn for violating the First Amendment." (Doc. No. 6-1 at 6.) This factor is further confused by the unique fact that Plaintiff *wants* to publicly identify himself and the only reason he has not is because of the impending threat of prosecution. It is unclear to the Court whether, if the motion to proceed under pseudonym were denied, Plaintiff would choose to do as he wishes and file under his true name, or instead, refuse to litigate for fear of criminal prosecution. Because Plaintiff has not given a clear answer on this issue, we find this factor to be neutral.

Finally, because Plaintiff does not have illegitimate or ulterior motives in proceeding anonymously—again, Plaintiff wants to proceed under his true name—the sixth factor weighs in favor of granting his motion.

### b. *Factors that Support Disclosure*

We now turn to the second group of factors—those that generally weigh against allowing plaintiffs to use pseudonyms in judicial proceedings.

The first factor concerns the degree of public interest in the plaintiff's identity. The Third Circuit has "acknowledge[d] the thumb on the scale that is the universal interest in favor of open judicial proceedings." *Megless*, 654 F.3d at 411; *see also Coll. of N.J.*, 997 F.3d at 496 ("As we

have noted, the public's interest in open judicial proceedings always runs counter to a litigant's interest in anonymity—the question is whether the interest in anonymity outweighs the public's interest."). Accordingly, this factor weighs against anonymity.

Next, we consider whether the subject of the instant litigation heightens the public's interest. Defendants are public figures sued in their official capacities, which means Plaintiff's suit is in all practical effect brought against Bucks County and the Commonwealth of Pennsylvania. Moreover, Plaintiff seeks to invalidate a portion of a Pennsylvania statute on its face. Accordingly, the Court finds the second factor weighs against anonymity.

Last, we note that Defendants do not oppose Plaintiff's use of a pseudonym. Thus, the third factor is neutral.

*c.    Balancing Test*

Taken together, five factors weigh in favor of permitting Plaintiff to use a pseudonym: Plaintiff's maintenance of anonymity, his reasonable fear of criminal prosecution if his name is revealed in the context of this case, the magnitude of the public's interest in maintaining his confidentiality, the predominantly legal nature of this suit, and Plaintiff's lack of ulterior motives. Two factors support disclosure of his identity: the public interest in open judicial proceedings and the public's interest in this specific case which involves allegations against Bucks County and the Commonwealth. The remaining two factors are neutral. Balancing these factors, the Court finds that Plaintiff has overcome the strong presumption in favor of requiring parties to publicly identify themselves. Accordingly, his motion is granted to the extent he seeks leave to proceed under pseudonym. Nevertheless, should the Court ultimately hold that the Act's confidentiality provision is unconstitutional as applied to Plaintiff or on its face, we will likely order disclosure of Plaintiff's identity at that time.

9

### B.    Motion to Seal Exhibits to the Complaint

Next, the Court turns to Plaintiff's motion to seal two exhibits attached to the Complaint and referenced in the parties' motions for summary judgment.  The first exhibit is a copy of the misconduct complaint that Plaintiff submitted to the Department of Education.  (*See* Doc. No. 1-2.)  Plaintiff has redacted his name, the identity of the target of his complaint, and the narrative summary outlining the conduct about which he complains.  (*Id.*)  The second exhibit is a copy of the Department's letter stating it will take no further action in connection with the misconduct complaint.  (*See* Doc. No. 1-3.)  Plaintiff has redacted his name and one sentence identifying the target of the complaint and summarizing Plaintiff's allegations.  (*Id.*)

### 1.    <u>Legal Standard</u>

Before the Court will seal the two exhibits, Plaintiff must overcome the right of public access, which is recognized at common law and under the First Amendment.

Because the documents were filed as exhibits to the Complaint and the parties rely on those exhibits in support of their motions for summary judgment, the exhibits are "judicial records" to which the common law right of access attaches.  *See Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) ("We believe that our earlier decisions and those in other courts lead ineluctably to the conclusion that there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.").  "This right antedates the Constitution, and promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court."  *Wartluft v. Milton Hershey Sch.*, Civil No. 1:16-CV-2145, 2019 WL 5394575, at *4 (M.D. Pa. Oct. 22, 2019) (cleaned up).  That said, this right is not absolute and may be rebutted by a showing that an "interest in secrecy outweighs the presumption." *In re Avandia*, 924 F.3d at 672.  To meet this burden, the party seeking closure

must demonstrate that the "material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quotation marks omitted).

In addition to the common law right of access, which attaches to all judicial records, the public also has a First Amendment right of access in civil trials, which attaches to certain judicial documents, *id.* at 673, including documents filed in connection with motions for summary judgment, *see, e.g.*, *McCowan v. City of Philadelphia*, 2021 WL 3737204, at *4 (E.D. Pa. Aug. 24, 2021) (assuming without deciding that "the First Amendment is implicated at summary judgment" and collecting cases that hold as much). The First Amendment right of access presents an even higher burden than the common law right of access, requiring the party requesting that documents be sealed overcome strict scrutiny. *In re Avandia*, 924 F.3d at 673. Specifically, the party must demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

Under either the common law or First Amendment standard, when a court analyzes a request to file judicial documents under seal, it must do so on a document-by-document basis, and the proponent of the sealing order must articulate with specificity the injury that would result if the particular document or parts of it were made public. *Id.* Merely reciting the *Pansy* factors in seeking a sealing order is insufficient.[1] *Id.* at 676–77.

---

[1] In analyzing a motion for protective order under Rule 26(c), the Court considers the *Pansy* factors, which ask whether:

1.  Disclosure of the information will violate any private interests;

2.  Disclosure will cause a party embarrassment;

3.  The information is being sought for a legitimate purpose or for an improper purpose;

4.  The sharing of information among the litigants will promote fairness and efficiency;

2.    **Discussion**

Here, Plaintiff's motion focuses on the *Pansy* factors.  (*See* Doc. No. 6 at 9–13.)

Although those factors may inform our analysis, they are not sufficient on their own to show that

the common law right of access is overcome.  *In re Avandia*, 924 F.3d at 676–77 ("[T]he *Pansy*

factors are not a substitute for the common law right of access standard—which begins with the

presumption of access."); *see also In re Application of Storag Etzel GmbH*, Misc. C.A. No. 19-

mc-209-CFC, 2020 WL 2949742, at *9 (D. Del. Mar. 25, 2020) ("In both substance and

procedure, the burdens that must be overcome to justify the sealing of judicial records under the

common law are dramatically less pliant than the factors to be weighed under *Pansy* in deciding

whether a protective order is warranted.").  Notably, Plaintiff does not argue that the redacted

information is the kind "that courts will protect" or that "disclosure will work a clearly defined

and serious injury."  *In re Avandia*, 924 F.3d at 672 (quotation marks omitted).  Nor has Plaintiff

discussed the First Amendment standard, let alone shown that it is satisfied in this case.  For

those reasons, the Court declines to grant the motion to seal at this time.  The Court will,

however, give Plaintiff an opportunity to renew his motion before ordering the exhibits unsealed.

III.    **CONCLUSION**

Plaintiff's motion is granted to the extent he seeks leave to proceed under pseudonym.  It

is denied to the extent he moves to seal the exhibits attached to the Complaint.

An appropriate order follows.

---

5.  Confidentiality is being sought over information important to public health and safety;

6.  A party benefitting from the order of confidentiality is a public entity or official; and

7.  The case involves issues important to the public.

*In re Avandia*, 924 F.3d at 671–72.  Although they provide useful guidance when the court balances the public versus private interests under Rule 26(c), the *Pansy* factors "are not sufficiently robust for assessing the public's right to access judicial records."  *Id.* at 676–77.  And neither the second *Pansy* factor nor the third factor are relevant in deciding whether to enter a sealing order.  *Id.* at 676.