## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

John Doe,                           :
                                    :
              Plaintiff,            :
                                    :
       vs.                          :
                                    :
Matt Weintraub,                     :
District Attorney of Bucks County,  :
in his official capacity only,      :        No. 2:23-cv-03252-KSM
                                    :
       and                          :
                                    :
Michelle Henry,                     :
Attorney General of Pennsylvania,   :
in her official capacity only,      :
                                    :
              Defendants.           :

---

**Supplemental Brief of Plaintiff John Doe in Support of Plaintiff's Motion to Proceed Pseudonymously and for Leave to File Exhibits Under Seal (ECF Doc. 6)**

---

METTE, EVANS & WOODSIDE

Aaron D. Martin
Pa. Atty. I.D. No. 76441

Sarah E. Straub
Pa. Atty. I.D. No. 330748

3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000 (phone)
admartin@mette.com

*Attorneys for Plaintiff,*
*John Doe*

Date: November 24, 2023.

## Table of Contents

Table of Authorities ……………………………………………………………...iii

I.  Procedural Background ……………………………………………………..1

II.  Questions Presented ………………………………………………………..1

III.  Argument …………………………………………………………………..1

    A.  The Educator Discipline Act facially criminalizes public exposure of certain
    information in the exhibits to Doe's complaint, and Doe's right to petition
    government without threat of criminal prosecution overcomes the common law
    right of access to such information ……...................................................................1

    B.  Doe's well-grounded fear of criminal jeopardy for the public filing of unredacted
    information prohibited from publication under the Education Discipline Act rebuts
    the presumption in favor of the common law right of access ………………………..4

        1.  The interest in secrecy outweighs the presumption of public access …………6

        2.  Courts have already protected the kind of information Doe seeks to protect
        in this case, having done so in a challenge to the very same section of the
        Act Doe now challenges …………………………………………………...7

        3.  Disclosure of this information will create a clearly defined and serious
        injury ………………………………………………………………….....11

        4.  There are compelling countervailing interests to be protected by the
        limited sealing Doe seeks ………………………………………………….12

    C.  Doe's narrow redactions and temporary sealing request overcomes the First
    Amendment right of access …………………………………………………..14

        1.  There is an overriding interest, based on findings, that closure is
        essential to preserve higher values …………………………………………..15

        2.  Doe's proposed closure from public review is narrowly tailored and the
        least restrictive means to serve that interest …………………………………17

        3.  The proposed redactions to ECF Docs. 1-2 and 1-3 are proper ……………..18

            a.  Redaction of Doe's name and contact information is consistent with
            his allowance to proceed under pseudonym and satisfies strict
            scrutiny ……………………………………………………………18

b.  Redaction of the identity of the subject of the complaint and identifying information about the substance of the complaint satisfies strict scrutiny …………………………………………………19

IV.  Prayer for Relief …………………………………………………………………21

# Table of Authorities

**Cases**

*Bank of Am. v. Hotel Rittenhouse Assoc.*,
    800 F.2d 339 (3d Cir. 1986) …………………………………………………………………5

*Bartnicki v. Vopper*,
    532 U.S. 514 (2001) …………………………………………………………………..11

*Council 13, Am. Fed'n of State, Cnty. & Mun. Employees, AFL-CIO ex rel.*
    *Fillman v. Rendell*,
    986 A.2d 63 (Pa. 2009) …………………………………………………………………..6

*Davis v. Elwyn, Inc.*,
    2021 WL 4902333 (E.D. Pa. 2021) …………………………………………………..10

*Doe v. Shapiro*,
    1:18-cv-01370 (M.D. Pa.), on appeal *sub nom. Doe v. Governor of Pennsylvania*,
    No. 18-3299 (3d. Cir.) …………………………………………………………7, 8, 9

*Fla. Star v. B.J.F.*,
    491 U.S. 524 (1989) …………………………………………………………………..11

*Golden State Transit Corp. v. City of Los Angeles*,
    493 U.S. 103 (1989) …………………………………………………………………3

*Hoeber For & on Behalf of N.L.R.B. v. Local 30, United Slate, Tile & Composition*
    *Roofers, Damp & Waterproof Workers Ass'n, AFL-CIO*,
    939 F.2d 118 (3d Cir. 1991) ……………………………………………....1, 6

*In re Avandia Mktg., Sales Practices & Products Liab. Litig.*,
    924 F.3d 662 (3d Cir. 2019) …………………………4, 5, 8, 12, 14, 15, 17, 18, 19

*In re Cendant Corp.*,
    260 F.3d 183 (3d Cir. 2001) …………………………………………………4, 5, 12, 14

*Miller v. Ind. Hosp.*,
    16 F.3d 549 (3d Cir. 1994) …………………………………………………………………..5

*PG Publ'g Co.*,
    705 F.3d 91 (3d Cir. 2013) …………………………………………………………………14

*Publicker Indus. v. Cohen*,
    733 F.2d 1059 (3d Cir. 1984) …………………………………………………..14, 17

*Schrader v. District Attorney of York Co.*,
    74 F.4th 120 (3d Cir. 2023) …………………………………………………..11

*Steffel v. Thompson,*
    415 U.S. 452 (1974) …………………………………………………..4, 10

*Stilp v. Commonwealth of Pa.*,
    905 A.2d 918 (Pa. 2006) …………………………………………………15, 18

*Stilp v. Contino*,
    613 F.3d 405 (3d Cir. 2010) ……………………………………………………3

*United Mine Workers of Am., Dist. 12 v. Illinois State Bar Ass'n*,
    389 U.S. 217 (1967) …………………………………………………1, 6

*Will v. Michigan Dep't of State Police*,
    491 U.S. 58 (1989) …………………………………………………..3, 6

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*,
    529 F. Supp. 866 (E.D. Pa. 1981) ………………………………....5, 6, 15, 16, 17


**Federal Statutes**

42 U.S.C. § 1983 ……………………………………………………3, 4, 6, 7


**State Statutes**

1 Pa. C.S. § 1922(3) …………………………………………………15, 18

18 Pa. C.S. § 1100(6) …………………………………………………..12, 13

18 Pa. C.S. § 1104(3) …………………………………………………..12, 13

24 P.S. § 2070.17b Act of December 12, 1973 (P.L. 397, No. 141), *as amended*
    December 18, 2013 (P.L. 1205, No. 120) ……………………………………*passim*

**Constitutional Provisions**

U.S. Const. art. VI, cl.2 ………………………………………………......6

U.S. Const. amend. I ……………………………………………………..*passim*

U.S. Const. amend. XIV ……………………………………………………7

## I. Procedural Background

This supplemental brief is filed in support of the motion of Plaintiff John Doe ("Doe") for leave to file unredacted documents under seal.  ECF Doc. 6.  The Court by order of November 16, 2023, directed Doe to address the common law right of access and First Amendment right of access as applied to Doe's request that information redacted in two exhibits to his complaint be kept out of public view.  See ECF Doc. 35 (order); see also Doc. 1-2, 1-3 (exhibits to complaint).

## II. Questions Presented

1.      Whether Doe's First Amendment right to petition government without fear of state criminal prosecution outweighs the common law right of access to judicial records where the mere act of publicly filing certain unredacted information would potentially incriminate Doe under state law.

2.      Whether Doe's proposed temporary sealing of certain information satisfies strict scrutiny to overcome the First Amendment right of access to judicial records.

## III. Argument

**A. The Educator Discipline Act facially criminalizes public exposure of certain information in the exhibits to Doe's complaint, and Doe's right to petition government without threat of criminal prosecution overcomes the common law right of access to such information.**

"The filing of a lawsuit carries significant constitutional protections, implicating the First Amendment right to petition the government for redress of grievances, and the right of access to courts."  *Hoeber For & on Behalf of N.L.R.B. v. Local 30, United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, AFL-CIO*, 939 F.2d 118, 126 (3d Cir. 1991).  The right to petition for redress of grievances is "among the most precious of the liberties safeguarded by the Bill of Rights."  *United Mine Workers of Am., Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967).

1

Pennsylvania's Educator Discipline Act[1] states in relevant part,

**§ 2070.17b. Confidentiality**

(a) Except as otherwise provided in this act, **all information relating to any complaints or any proceedings relating to or resulting from such complaints, including the identity of the complainant, shall remain confidential**, unless or until discipline is imposed, other than a private reprimand or a supplemental sanction deemed private by the commission, any provision of law to the contrary notwithstanding unless otherwise specified in this act. All records pertaining to proceedings resulting in public discipline, excluding those records that are privileged or otherwise protected from release, shall become public after the exhaustion of all appeals except where the commission has determined that immediate discipline is necessary. Records pertaining to immediate discipline proceedings are public at the time that the immediate discipline is imposed.

(b) **Any person who releases or gives out information deemed confidential under this act, without authorization of the commission or as authorized by this act, commits a misdemeanor of the third degree.**

24 P.S. § 2070.17b(a)-(b) (emphasis added).

As stated in Doe's principal brief,

Because even disclosure of the fact of the filing of a misconduct complaint is a prohibited disclosure under the expansive criminal provision of the Act, Plaintiff fears prosecution if he would so much as publicly state that he has filed such a complaint and name the public educator. Further, because Plaintiff's complaint was dismissed without any public discipline imposed on the educator, Plaintiff may not disclose the Department's communications with him dismissing his complaint.

ECF Doc. 6.1, p. 3.

Doe's request to file unredacted exhibits to his complaint under seal seeks to protect him from the most severe consequence that might result from the public filing of an unredacted document in court. There is a real likelihood under the Act that Doe could be placed in criminal jeopardy, with potential incarceration upon conviction, merely for exercising his First

---

[1]  Act of December 12, 1973 (P.L. 397, No. 141), *as amended* December 18, 2013 (P.L. 1205, No. 120) ("Act").

Amendment right to petition government under a law established by Congress.  See generally 42

U.S.C. § 1983 (suits allowed against state actors for violations of federal civil rights); see also

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("a principal purpose behind the

enactment of § 1983 was to provide a federal forum for civil rights claims"); *Golden State*

*Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 113 (1989) (recognizing "broad remedial

scope of § 1983").

Doe seeks in this case to vindicate his fundamental First Amendment right of free speech

about the workings of government.  See *Stilp v. Contino*, 613 F.3d 405, 415 (3d Cir. 2010)

(blanket prohibition of disclosure of information complaining about government action "stifles

political speech near the core of the First Amendment").  Doe's request for leave to file

unredacted exhibits to the complaint under seal must be analyzed in light of the real threat of

criminal prosecution he would face should he publicly disclose such documents in unredacted

format.  Doe has already filed the documents in redacted format, with the redacted information

pertaining to 1) Doe's identity, 2) the identity of the educator against whom the misconduct

complaint was filed, and 3) the allegations Doe made against the individual in his complaint.

Doe cannot disclose *any* of this information publically without arguably running afoul of the

plain language of the Act.  Because all such information is within the scope of the Act's

restriction on disclosure, should Doe make the redacted information public through an

unredacted filing, there is a reasonable likelihood that he could face criminal jeopardy.  Doe

seeks to seal the minimum amount of information necessary to avoid running afoul of the Act,

i.e., only information that is personally identifying, disclosure of which would violate the Act.

Neither defendant has disavowed prosecution under the Act.  See ECF Doc. 34, p. 6 (noting

"Defendants' refusal to disclaim any intent to prosecute Plaintiff under the Act").

As noted in principal briefing, the inherent irony in Doe's sealing request is that Doe *wants* to disclose all this information. Vindication of Doe's right to publish the documents at issue is the very reason why he filed suit in the first place. It would be utterly nonsensical and contrary to the purposes of Congress in enacting Section 1983 to require a private litigant to place himself in criminal jeopardy under state law by the mere act of filing a lawsuit with documents critically at the heart of the case in order to vindicate the litigant's very right to publish such documents without criminal jeopardy. Such an approach would contradict, *inter alia*, First Amendment standing jurisprudence which is itself clear that an individual need not violate a criminal statute in order to have standing to challenge such statute. See, e.g., *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) ("[I]t is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights[.]"). The public filing of unredacted documents in this case, without a protective injunction against prosecution, would contravene this principle of openness of the courts to hear First Amendment speech challenges without danger to the private citizen bringing the challenge. Thus, a provisional sealing of the redacted information pending final adjudication on the merits is warranted and satisfies the tests applying to both the common law right of access and the First Amendment's right of access.

**B. Doe's well-grounded fear of criminal jeopardy for the public filing of unredacted information prohibited from publication under the Education Discipline Act rebuts the presumption in favor of the common law right of access.**

"In both criminal and civil cases, a common law right of access attaches to judicial proceedings and records." *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)).

Though there is a "presumptive right of public access . . . the common law right of access is not absolute[.]"  *Id*.  Such right "may be rebutted."  *Id*.

A party seeking to overcome the presumption of access must establish the following,

1. "[T]he interest in secrecy outweighs the presumption."  *Id*. (quoting *Bank of Am. v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 344 (3d Cir. 1986)).

2. "[T]he material is the kind of information that courts will protect[.]"  *Id*. (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)) (cleaned up).

3. "[D]isclosure will work a clearly defined and serious injury to the party seeking closure."  *Id*.

The District Court must articulate "the compelling, countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[ ] an opportunity for interested third parties to be heard."[2] *Id*. at 672-73 (quoting *In re Cendant Corp.*, 260 F.3d at 194 (emphasis omitted)).

"In delineating the injury to be prevented, specificity is essential."  *Id.*  "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."  *Id*. "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants."  *Id*. (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993)).  To that end, the District Court must "conduct[ ] a document-by-document review" of the contents of the challenged documents."  *Id.*  Importantly, "the strength to be accorded the presumption of access . . . varies with the nature of the materials at issue."  *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 901-902 (E.D. Pa. 1981) (Becker, U.S.D.J.).

---

[2] As far as Doe is aware, no third party has expressed an interest in the information that has been redacted in his filings.  The Court in its discretion may decide how to allow the parties to respond to any request to unseal that might be made in the future by a third party.

Accordingly, "judicial proceedings and records may be closed in part or in full to the public in order to protect private interests[.]" *Id*. at 901.

### 1.   The interest in secrecy outweighs the presumption of public access.

As Doe has noted several times to the Court, he has no personal desire to keep the proposed redacted information secret: he seeks leave to do so merely because he fears criminal prosecution if he should expose such information publicly.  In an ironic way, Doe's interest in not exposing the redacted information publicly accords with the public policy of the Commonwealth of Pennsylvania as expressed in the Act.  See 24 P.S. § 2070.17b(a)-(b).

Doe has a fundamental First Amendment right to petition government by way of a civil rights suit filed in this Court.  *United Mine Workers of Am., Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967) (First Amendment right to petition government "among the most precious of the liberties safeguarded by the Bill of Rights"); see also *Hoeber*, 939 F.2d 118, 126 (filing of lawsuit implicates fundamental First Amendment right to petition government).  The Supremacy Clause requires state laws to be subservient to the dictates of the United States Constitution.  As the Pennsylvania Supreme Court has noted, "It is fundamental that by virtue of the Supremacy Clause, the State courts are bound by the decisions of the Supreme Court with respect to the federal Constitution and federal law, and must adhere to extant Supreme Court jurisprudence."  *Council 13, Am. Fed'n of State, Cnty. & Mun. Employees, AFL-CIO ex rel. Fillman v. Rendell*, 986 A.2d 63, 77 (Pa. 2009) (citing U.S. CONST. art. VI, cl.2).

The U.S. Supreme Court has held that "a principal purpose behind the enactment of § 1983 was to provide a federal forum for civil rights claims[.]"  *Will*, 491 U.S. at 66 (1989). Thus, the States cannot impede the orderly administration of an Act of Congress that is properly heard in any of the federal courts, including this Court.  State criminal jeopardy is an intolerable

infringement on Congressional prerogative if the public filing of the unredacted documents would be required.  Accordingly, Doe's interest in temporarily keeping (until, as he hopes, winning his challenge on the merits) the redacted portions of the documents from public inspection outweighs the common law right of access.

The issue that Doe raises in support of sealing, although in one sense intensely personal to his right to petition government through the filing of the present suit and freedom from unwarranted deprivation of liberty or property is also of systemic importance.  See U.S. Const. amend XIV (protecting against deprivation of liberty without due process of law).  *Any* person in Doe's position desiring to challenge the speech restrictions in the Act would reasonably fear self-incrimination if required to file documents containing information deemed "confidential" under the Act in an unredacted state.  There is a federal constitutional interest in allowing someone like Doe to exercise his First Amendment fundamental right to petition government, in accordance with an Act of Congress, without fear of criminal prosecution.  A temporary limited sealing of information to allow pursuit of a civil action under Section 1983 will allow this Court to hear and adjudicate the matter in an orderly fashion without threat to Doe.  This interest outweighs the common law right access.

>    **2.  Courts have already protected the kind of information Doe seeks to protect in this case, having done so in a challenge to the very same section of the Act Doe now challenges.**

In the case of *Doe v. Shapiro*, 1:18-cv-01370 (M.D. Pa.) ("*Shapiro*"), an educator brought a First Amendment challenge to the Act's restriction on speech in 24 P.S. § 2070.17b(a)-(b).  The United States District Court for the Middle District of Pennsylvania allowed a plaintiff/educator to proceed by pseudonym and to redact essential, individually-identifying contents of a communication from the Pennsylvania Department of Education to him concerning the

disposition of an educator misconduct complaint that had been filed against him.  The amended

complaint filed in *Shapiro* shows the limited redactions made to individually-identifiable

information in the complaint.  See *Shapiro*, ECF Doc. 44 (1/7/2020).  The plaintiff in *Shapiro*

sought a permanent injunction against prosecution under the Act should he release information

about a misconduct investigation initiated by a third party against him.  The plaintiff was an

educator who was himself the target of the investigation.  He, however, wanted to reveal the fact,

and disposition, of his own investigation.  The *Shapiro* case shows that the District Court

protected "the kind of information" that Doe seeks to protect in the current case: information

about the Department's disposition of an educator misconduct complaint.[3]

Prior to the filing of the amended complaint, on an interlocutory appeal in *Shapiro* that

was heard *sub nom. Doe v. Governor of Pennsylvania*, No. 18-3299 (3d. Cir.), the

educator/appellant had filed a motion in the Third Circuit entitled "Appellant's Motion to File

Documents Provisionally Under Seal and for Rule to Show Cause Why Such Filings and the

Record of this Case Generally Should Not be Unsealed."  See Doc. 0031130766541

(10/31/2018).  Subsequently, the educator/appellant filed a second motion entitled "Appellant's

Motion to Provisionally Seal Record, Proceed Pseudonymously and for Rule to Show Cause

Why the Record of this Case Generally Should Not Be Unsealed and Appellant Allowed to

---

[3] While the plaintiff in *Shapiro* had not filed the educator misconduct complaint (for he
would have had to file the complaint against himself), the District Court's allowing of sealing by
way of redaction of essential information about the target of the complaint demonstrates
nonetheless that the identity of the target of a complaint is "the kind of information that courts
will protect[.]"  *Avandia*, *supra*.  Because the misconduct complaint Doe filed in the present case
contains information about the identity of the educator –  the same information that was
protected in *Shapiro* – it is likewise properly subject to a limited sealing order to avoid public
exposure.  The "kind of information" to be sealed, rather than the document itself, is the proper
focus of a sealing analysis.  In the present case, this "kind of information" is contained in the two
exhibits to Doe's complaint.  *See* ECF Docs. 1-2, 1-3.

Proceed in His Proper Name." See Doc. 003113084387 (11/12/2018). The Third Circuit in response ordered that Doe would be allowed to proceed under pseudonym and granted provisional, temporary sealing of information pending further request for relief, referring the issue of sealing to the merits panel. See Doc. 003113088937 (11/16/2018).

The merits panel ultimately granted in part and denied in part the appellant's requests.[4] See Doc. 003113309406 (8/2/2019). Significantly, the Court granted the requests to file documents under seal and to proceed pseudonymously, rejecting only the request that a rule be issued on the appellees to show cause why everything should not be publicly exposed. Following, remand from the Third Circuit, the District Court issued an order docketed on May 6, 2020 in which it ordered a) plaintiff could proceed under pseudonym, b) filings prior to the filing of an amended complaint would remain sealed, c) filings starting with the amended complaint would be made public in redacted form to exclude "all personal identification information and facts which would allow the identity of the Plaintiff to be identified, such as: a. Plaintiff's name, b. Plaintiff's address, and c. the factual allegations relating to Plaintiff's alleged criminal offense and subsequent charge" (i.e., the basis of the misconduct complaint). A copy of such order, ECF Doc. 84 (5/6/2020). The docket of the U.S. District Court for the Middle District remains partially under seal to this day, and only redacted versions of the subject documents are available for public inspection. All of this shows that the kind of information Doe now seeks to keep out of public view: his identity, the identity of the target of the complaint, and the factual allegations relating to the educator's alleged wrongdoing, is the kind of information that both the Third Circuit and the U.S. District Court for the Middle District of Pennsylvania kept secret in a challenge similar to what Doe brings now.

---

[4] The order is dated February 13, 2019.

Doe's proposed sealing extends only as far as information that would personally identify Doe, identify the educator against whom Doe filed the misconduct complaint, and the factual basis of the allegations of misconduct.  Doe submits that such redactions track the redactions allowed in *Shapiro*.  This shows that the information Doe seeks to keep out of public review "is the kind of information that courts will protect."  Cf. *Davis v. Elwyn, Inc.*, 2021 WL 4902333, *4 (E.D. Pa. 2021) (privacy in medical records outweighed rights of access).

Here, as in *Davis*, the "personal identifiable information" of a non-party, i.e., the target of the misconduct complaint, will be revealed if Doe is denied the opportunity to file such information under seal.  Though the information is not related to medical records, it is part of a professional complaint and related correspondence between Doe and the Pennsylvania Department of Education.  The non-party's personal identifiable information here, as in medical records, should be treated sensitively with respect to the right of public access.[5]

This balance accords with a recent decision of the Third Circuit that distinguished between information already in the public record and that which was not yet in the public record. In discussing the publication of sensitive documents pertaining to a child abuse investigation, the Third Circuit stated, "[T]hough the public has a strong interest in protecting reports of child abuse, 'privacy concerns give way when balanced against the [First Amendment] interest in

---

[5] Doe does not suggest that the interest is one that overcomes his own First Amendment right to publish the identity of the target of his complaint and the substance of his complaint. Doe, however, because of the necessity of protection against state-level criminal prosecution, asserts that he is entitled to a limited sealing order pending issuance of a permanent injunction that would bar his prosecution for revealing such information.  These positions are not inconsistent, because Doe should not be forced to expose himself to criminal prosecution in order to bring a lawsuit trying to protect his own rights. *See Steffel v. Thompson,* 415 U.S. 452, 459 (1974) ("[I]t is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights[.]").

publishing matters of public importance.'" *Schrader v. District Attorney of York Co.*, 74 F.4th 120, 128 (3d Cir. 2023) (quoting *Bartnicki v. Vopper*, 532 U.S. 514, 533-534 (2001)). But the Court acknowledged that, "the strength of [] 'privacy interests fade[s] once information already appears on the public record.'" *Id.* at 127 (quoting *Fla. Star v. B.J.F.*, 491 U.S. 524, 532 n.7 (1989)). Thus, privacy interest are stronger prior to public exposure.

Here, the information Doe seeks to protect against public exposure has not yet appeared "on the public record." *Schrader, supra*; cf. See ECF Docs. 1-2, 1-3 (limited redactions appearing in documents publicly filed). Doe has taken careful steps to avoid disclosure of his identity, as this Court has recognized. See ECF Doc. 34, p. 5 ("[]Plaintiff has not revealed his identity in any of the documents filed on the public docket in this case[.]"). Thus, when considering whether the information Doe seeks to keep under seal pending issuance of an injunction in his favor is the kind of information the courts will protect, the fact that the information has *not* been revealed publicly to anyone but Doe supports the Court's decision to keep the information confidential pending final resolution. The Court can rightly conclude that the right to privacy of the non-party, i.e., the individual who was the target of the misconduct complaint and the allegations of wrongdoing against the individual as stated in the complaint and associated documents outweighs the public right to access such documents.

### 3. Disclosure of this information will create a clearly defined and serious injury.

The third common law access element – "clearly defined and serious injury" – is satisfied here by Doe's reasonable fear of criminal jeopardy if he should disclose the information he seeks to keep under seal. The Act itself "clearly defines" the injury that would befall Doe for disclosing the information he seeks to protect: conviction of "a misdemeanor of the third degree." 24 P.S. § 2070.17b(b). Under Pennsylvania law, a

third degree misdemeanor is punishable by fine up to $2,500 and incarceration of up to one year.  18 Pa. C.S. §§ 1100(6), 1104(3).

Doe risks the "clearly defined and serious injury" of *incarceration* and *monetary penalty* if he should be required to disclose publicly information about his identity, the identity of the subject of his misconduct complaint and the contents of the complaint. This is a "clearly defined" penalty that unquestionably rises to the level of "serious injury" as a matter of law.

Doe seeks to seal only the personal identifiable information of a) himself, b) the third party subject of his misconduct complaint, and c) the substance of the complaint given that such complaint is inextricably intertwined with both his identity and the identity of the subject of the complaint.  For these reasons, the Court should hold that Doe has shown that public disclosure of these documents would result in a clearly defined and serious injury.

    **4.  There are compelling countervailing interests to be protected by the limited sealing Doe seeks.**

"To overcome [the] strong presumption [of access], the District Court must articulate the compelling, countervailing interest to be protected, make specific findings on the record concerning the effects of disclosure, and provide an opportunity for interested third parties to be heard."  *In re Avandia*, 924 F.3d at 672 (quoting *In re Cendant Corp.*, 260 F.3d at 194 (emphasis omitted)).  Here, two very weighty interests countervailing the common law right of access attach.

First, there is Doe's First Amendment right to petition government in the form of civil litigation without fear of criminal jeopardy under state law.  *Compare* U.S. Const. amend. I *with*

24 P.S. § 2070.17b(b).  Secondly, there is the Commonwealth of Pennsylvania's expressed public policy against disclosure of the information Doe seeks to seal.  See 24 P.S. § 2070.17b(a).

Doe faces the severe sanction of criminal prosecution if he should not be allowed to file the unredacted documents under seal.  As noted *supra*, punishment for commission of a third degree misdemeanor under Pennsylvania state law can include a fine up to $2,500 and incarceration up to one year.  18 Pa. C.S. §§ 1100(6), 1104(3).  The court has previously agreed that Doe has a "reasonable fear of criminal prosecution should he identify himself or disclose the individually identifiable information contained in his communications with the Pennsylvania Department of Education."  ECF Doc. 34, p. 6.  Pennsylvania's public policy against disclosure of the information as expressed in the Act, as well as the non-opposition to sealing by two officers of the Commonwealth vested with prosecutorial authority to enforce the Act, militates in favor of the limited filing under seal that Doe requests.  See ECF Doc. 34, p. 9.  As noted *supra*, the Court in *Davis* held that personal identifiable information even within medical records constituted "more than sufficient important and countervailing interests."  *Davis*, at *11.

The Court in the present case would rightly similarly find that personal identifiable information within professional complaints to a government agency constitutes a compelling interest to be protected upon a sealing request.  One of the greatest compelling interests an individual may have is protection from potential criminal liability.  Here, there is direct competition between the common law right of access and Doe's First Amendment right to petition government under an Act of Congress without threat of criminal liability.  To hold that the presumption of access outweighs the compelling countervailing interest would force Doe to choose between the exercise his right to petition government and avoiding possible criminal prosecution.  The countervailing interests overcome the common law right of access.

13

### C. Doe's narrow redactions and temporary sealing request overcomes the First Amendment right of access.

"The First Amendment right of access requires a much higher showing than the common law right [of] access before a judicial proceeding can be sealed." *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d at 198 n.13). "Any restriction on the right of public access "is ... evaluated under strict scrutiny." *Id.* (quoting *PG Publ'g Co.*, 705 F.3d 91, 104 (3d Cir. 2013)). "If the First Amendment right of access applies, 'there is a presumption that the proceedings will be open to the public.'" *Id.* (quoting *Publicker Indus. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984)). "The party seeking closure may rebut the presumption of openness only if able to demonstrate 'an overriding interest [in excluding the public] based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *Publicker Indus.*, 733 at 1070).

"The party seeking closure or sealing in the face of the First Amendment right of access 'bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue.'" *Id.* (quoting *Publicker Indus.*, 733 at 1071). "Good cause means that disclosure will work a clearly defined and serious injury to the party seeking closure; the injury must be shown with specificity." *Id.* "For example, an interest in safeguarding a trade secret may overcome a presumption of openness." *Id.* (quoting *Publicker Indus.*, 733 at 1073) (cleaned up). "Bad business practices, in the absence of other circumstances, do not overcome the presumption." *Id.* (citing *Publicker Indus.*, 733 at 1074). "Procedurally, the District Court 'must both articulate the countervailing interest it seeks to protect and make findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" *Id.* at 674 (quoting *Publicker Indus.*, 733 at 1071) (internal

14

quotation marks omitted in *Avandia* opinion).  Before a "judicial proceeding can be sealed . . . [the] restriction on the right of public access [protected by the First Amendment] is evaluated under strict scrutiny."  *Id.* at 673.

> **1.  There is an overriding interest, based on findings, that closure is essential to preserve higher values.**

To override the presumption of openness, Doe must show "an overriding interest based on findings that closure is essential to preserve higher values."[6]  *In re Avandia*, 924 F.3d at 673. Additionally, "judicial proceedings and records may be closed in part or in full to the public in order to protect private interests[.]"  *Zenith Radio Corp.,* 529 F. Supp. at 901.

Preliminarily, Doe notes that the Commonwealth of Pennsylvania implicitly asserts that prohibition of the disclosure of the information that the Act itself prohibits from public disclosure satisfies strict scrutiny.  That is because all Pennsylvania statutes – including the Act and its restriction on speech – are presumed to be constitutional.  See *Stilp v. Commonwealth of Pa.*, 905 A.2d 918, 938 (Pa. 2006) ("When faced with any constitutional challenge to legislation, we proceed to our task by presuming constitutionality in part because there exists a judicial presumption that our sister branches take seriously their constitutional oaths.") (in turn quoting 1 Pa. Cons. Stat. § 1922(3) ("In ascertaining the intention of the General Assembly in the enactment of a statute the ... presumption [is] [t]hat the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth.")).

Accordingly, although on the ultimate issue of this case, i.e., the constitutionality of the Act, Doe rejects the Commonwealth's position that strict scrutiny is satisfied by hiding from public view the information he seeks to temporarily seal, he asserts that keeping such

---

[6]  This is the kind of information protected by courts.  *See* Section III(B)(2), *supra*.

information under seal *until the time of final disposition of this case* is appropriate.  The Court will either ultimately agree with Doe that the Act's restriction on disclosure of the information he seeks to seal is unconstitutional and issue an injunction to allow Doe to publish it freely without threat of criminal prosecution (in which case there will no longer be any need for a sealing order), or the Court will reject Doe's argument and the provisional sealing of the information will be *ipso facto* justified (presumably then continuing permanently).  Either way, the temporary sealing of individually-identifying information until the time of the final disposition is an appropriate way to balance the competing interests of the public's right of access under the First Amendment and the significant interests that the parties to this case assert (although for different reasons) in keeping the information out of public view until the time of final disposition.[7]  This Court's ability to hear a case that is properly before it constitutionally and statutorily is an overriding interest (along with Doe's right to pursue the case) that provides sufficient cause for the sealing that Doe seeks until the Court will have had the opportunity to finally decide his claims.

In *Zenith Radio Corp.*, *supra*, the court analyzed a pretrial protective order in which pretrial discovery documents were granted confidentiality.  These documents, numbering over one hundred thousand, contained trade secrets, research, and other businesses dealings.  The court in *Zenith* weighed the public's First Amendment right of access against the countervailing interest by stating that "the overriding purpose of a protective order is to facilitate

---

[7]  Doe suggests that even upon the Court's final disposition of the case some sort of advance notice of the Court's intended unsealing of the unredacted documents would be appropriate.  This would allow the parties to state their consent or objection to a permanent sealing or unsealing.  For example, the Court might properly extend the sealing beyond its disposition of the case on the merits, even if ruling in Doe's favor, should either defendant would take an appeal.

communication of information between litigants … To accomplish that end, it may be necessary to limit speech[.]" *Zenith Radio Corp.,* 529 F. Supp. at 911.  The *Zenith* court concluded its analysis by holding that the vast majority of documents were to remain sealed and the only documents that were to be unsealed were several appendices and the "most critical documents in plaintiffs' case." *Id.* at 915.

The court in *Zenith* was presented with a private interest and a higher value that overcame the First Amendment right to access.  This Court should similarly hold that in the unique scenario presented by the case before it, Doe's desire to avoid criminal prosecution, the general right of citizens to petition the government, and the Commonwealth's desire for the public to utilize the educator complaint procedure as prescribed by state law, are interests and higher values that override the First Amendment presumption of openness, when applied on a temporary basis to facilitate the Court's hearing of this case.  Doe, of course, hopes to win this argument on a permanent basis such that he would ultimately be allowed to publish the information for which he now seeks a temporary sealing order.

### 2. Doe's proposed closure from public review is narrowly tailored and the least restrictive means to serve that interest.

When analyzing interests contrary to the First Amendment presumption of openness, a reviewing court must fine that closure of information from public review "is narrowly tailored to serve that interest.'" *Avandia*, 924 F.3d at 673 (quoting *Publicker Indus.*, 733 at 1070).

In *Zenith*, the court held that "no means other than sealing the documents produced in discovery could protect defendants' confidential commercial information." *Zenith Radio Corp.*, 529 F.Supp. at 914.  Similarly, but pertaining to a different type of information, no means in the present case other than permitting the filing of the subject information under seal can protect Doe from the threat of criminal prosecution.  Doe submits that both he *and* the government

defendants have a compelling interest in not deterring the exercise of one's right to petition the government by threat of criminal prosecution. Presumably, the Commonwealth of Pennsylvania does not intend to violate the U.S. Constitution in any of its laws. *Stilp* 905 A.2d at 938 (quoting 1 Pa. Cons. Stat. § 1922(3) (statutes presumed constitutional)). Placement under seal of information about Doe's identity, the identity of the target of the misconduct complaint and the facts underlying such complaint would be narrowly tailored and constitute the least restrictive means to serve that interest. *In re Avandia*, 924 F.3d at 673.

### 3.   The proposed redactions to ECF Docs. 1-2 and 1-3 are proper.

As the Court has noted, the portions of the two documents Doe seeks to file under seal in unredacted form (ECF Docs. 1-2, 1-3), have been publicly filed with the Court with the parts he wishes to keep from public inspection redacted. Doc. 1-2 as publicly filed redacts Doe's name (consistent with the Court's allowance that Doe proceed under pseudonym, see ECF Doc. 34), the identity of the target of his complaint, and the substance of his complaint against the individual.[8] Doc. 1-3 also contains a redaction of Doe's real name consistent with the Court's allowance that Doe proceed under pseudonym and also redacts a sentence identifying the target of the complaint with a summary of Doe's allegations.

#### a.   Redaction of Doe's name and contact information is consistent with his allowance to proceed under pseudonym and satisfies strict scrutiny.

The redaction of Doe's name is appropriate given the Court's finding that Doe has a "reasonable fear of criminal prosecution should he identify himself[.]" ECF Doc. 34, p. 6. As to

---

[8] In reviewing Doc. 1-2 as filed, Doe notes that he had also redacted information entered on the complaint appearing after the words "Best Time to Contact You." *See id*. at p. 4. Doe agrees that this information can be made public as it is not sufficiently specific to reveal his identity. That line simply states: "9-5 Monday through Friday." Doe will file a revised redacted document revealing this information at the Court's direction.

his identity, Doe seeks only to protect his name and personally identifiable contact information. See ECF 1-2, p. 4 (fields in the complaint form Doe completed with information comprised of his name, address, telephone number and email).  Doe submits that shielding this information from public view "is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Avandia* at 673.  It is essential to preserve the higher value of Doe's access to the courts to petition government for protection of his First Amendment rights vis-à-vis the Act through an Act of Congress.  See Section III(A) *supra*.  These proposed redactions are narrowly tailored in that the only information Doe seeks to keep from public view are the things that could allow the public to identify him: name, address, telephone number, email and signature.  This very limited redaction satisfies strict scrutiny as being narrowly within the class of information that the Act prohibits Doe to expose publicly.  See 24 P.S. § 2070.17b(a) (prohibiting disclosure of "all information relating to any complaints or any proceedings relating to or resulting from such complaints, *including the identity of the complainant*") (italics added).

> **b. Redaction of the identity of the subject of the complaint and identifying information about the substance of the complaint satisfies strict scrutiny.**

Information redacted in ECF Docs. 1-2 and 1-3 apart from Doe's identity and contact information constitutes a) the identity of the individual who was the target of the complaint, and b) the substance of the complaint.  Redaction of such information also satisfies strict scrutiny under the First Amendment.

Like with Doe's identity, Doe is reasonably concerned that he would face criminal prosecution under the Act if he should reveal the identity of the target of his complaint and the substance of the complaint.  Such information appears to be clearly prohibited from public release by the Act.  See 24 P.S. § 2070.17b(a). "Confidentiality … Except as otherwise provided

in this act, *all information* relating to *any complaints* or any proceedings relating to *or resulting from such complaints*, including the identity of the complainant, shall remain confidential[.]") (italics added).

Doc. 1-2 redacts information about the "Educator" and an attachment that provides a narrative of Doe's complaint about the individual.  Further, information about when the "misconduct" occurred and how Doe learned about the same is also redacted.  Doc. 1-2, p. 3.  All of this information could reveal to a member of the public the identity of the subject of the complaint.  This is especially so given that apart from the public at large, co-workers of the target of the complaint seeing the unredacted information, even concerning the date of the occurrence and Doe's date of learning of the same, might reasonably put such information together with other information known from their interactions with their co-worker and deduce the identity of the target of the complaint.  Redaction of such information is the least restrictive means of protecting this information from being exposed, including to co-workers who might have additional background information and be able to deduce the identity of the individual.

Doc. 1-3 only redacts Doe's name and email address, the identity of the target of his complaint, and a very short narrative description of his complaint.  For the reasons stated *supra*, sealing of such information is necessary to satisfy the overriding interest of allowing the Court to properly adjudicate this case without the Act being violated (and Doe subject to possible criminal prosecution) merely by the public filing of the document itself.  Redaction of such information is narrowly tailored and the least restrictive means to prevent exposure of Doe's identity and the identity of the subject of the complaint, along with the facts alleged in the complaint.

### IV.  Prayer for Relief

WHEREFORE, Plaintiff John Doe prays the Court to GRANT his motion to keep under seal the information redacted in Docs 1-2 and 1-3.[9]

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

By:

_____
Aaron D. Martin
Pa. Atty. I.D. No. 76441
Sarah E. Straub
Pa. Atty. I.D. No. 330748
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000 (phone)
admartin@mette.com
sestraub@mette.com

*Attorneys for Plaintiff,*
*John Doe*

Date: November 24, 2023.

---

[9] *But see* note 8, *supra*.