IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN DOE,** *a pseudonym*,<br><br>    Plaintiff,<br><br>    v.<br><br>**JENNIFER SCHORN,** *District Attorney of Bucks County, in Her Official Capacity*, et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 23-3252-KSM |

## ORDER

**AND NOW**, this 10th day of January, 2024, it is **ORDERED** as follows:

1.    Upon consideration of Defendant Michelle Henry's Motion for Summary Judgment (Doc. No. 20), Plaintiff's opposition brief (Doc. No. 30), and the arguments raised during the January 9, 2024 Oral Argument, it is **ORDERED** that the motion is **GRANTED** and **JUDGMENT** is entered in Defendant's favor.

2.    Upon consideration of Defendant Jennifer Schorn's Motion for Summary Judgment (Doc. No. 25), Plaintiff's opposition brief (Doc. No. 31), and the arguments raised during oral argument, it is **ORDERED** that the motion is **DENIED.**

3.    Upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 24), Defendants' opposition briefs (Doc. Nos. 28, 29), Plaintiff's reply brief (Doc. No. 32), and the arguments raised during oral argument, it is **ORDERED** that Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion is **DENIED** as to Defendant Michelle Henry. Plaintiff's motion is **GRANTED** as to Defendant Jennifer Schorn, and Judgment is entered in Plaintiff's favor as against her. Section 2070.17b(a), (b) of Pennsylvania's Educator

Discipline Act, 24 Pa. Cons. Stat. § 2070.17b(a), (b), is **DECLARED** unconstitutional as applied to Plaintiff in connection with his June 22, 2023 misconduct complaint, and Defendant Jennifer Schorn is **PERMANENTLY ENJOINED** from bringing criminal sanctions against Plaintiff for publicly disclosing the fact that he filed the misconduct complaint, the nature of that complaint, and the Department's disposition of that complaint, including the Department's July 26, 2023 letter.

  4. Plaintiff's Motion for Preliminary Injunction (Doc. No. 9) is **DENIED AS MOOT**.

  5. Plaintiff's renewed request for leave to file exhibits under seal (Doc. No. 6, 36), is **HELD IN ABEYANCE** for **THIRTY DAYS** from the date of this Order. Should Defendant Jennifer Schorn choose to appeal the Court's final ruling on the merits during that time, the parties should meet and confer about whether they wish the Court to enter a ruling on the motion to seal.[1]

**IT IS SO ORDERED.**

            /s/*Karen Spencer Marston*
            _____
            KAREN SPENCER MARSTON, J.

---

[1] During oral argument, Plaintiff's counsel stated he was willing to withdraw the motion to seal if the Court ultimately entered a permanent injunction that allowed Plaintiff to disclose the relevant documents without the threat of criminal sanctions. However, Plaintiff requested additional time to confer with defense counsel about whether they wished to maintain the confidentiality of those documents, via a seal order, pending an appeal in this case.