IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Doe, *a pseudonym*, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. 2:23-cv-03252 |
| | : | |
| Jennifer Schorn, | : | The Honorable Karen Spencer Marston, |
| District Attorney of Bucks County, | : | United States District Judge |
| in her official capacity only, | : | |
| | : | |
| and | : | |
| | : | |
| Michelle Henry, | : | |
| Attorney General of Pennsylvania, | : | |
| in her official capacity only, | : | |
| | : | |
| Defendants. | : | |

**Plaintiff's Motion for Attorney's Fees and Non-Taxable Expenses Pursuant to
Federal Rule of Civil Procedure 54(d)(2)**

Plaintiff John Doe ("Plaintiff") moves the Court for attorney's fees and non-taxable expenses pursuant to Federal Rule of Civil Procedure 54(d)(2).

**I. Procedural Background**

1.  Doe brought this case under 42 U.S.C. § 1983 against former Bucks County District Attorney Matt Weintraub ("District Attorney") and Defendant Attorney General Michele Henry ("Attorney General"), asserting his rights under the First Amendment.[1] ECF Doc. 1.

2.  The case stems from Doe's filing of an educator misconduct complaint with the Pennsylvania Department of Education dated June 22, 2023, and the Department's dismissal of

---

[1] Matt Weintraub was succeeded in office by Jennifer Schorn in January of 2024, and Schorn has been substituted as defendant in Weintraub's place. *See* Fed R. Civ. P. 25(d); ECF Doc. 40.

his complaint without taking action against the subject of Doe's complaint as reflected in the Department's letter to Doe dated July 26, 2023. See generally *id*.

3. Both the Attorney General and the District Attorney filed answers to the complaint. ECF Docs. 16, 19.

4. Plaintiff also filed a motion for leave to proceed pseudonymously and to file unredacted documents under seal along with a supporting brief. ECF Docs. 6, 6-1.

5. The Court granted the motion to proceed under pseudonym but denied Doe's request for leave to file documents under seal, doing so without prejudice and allowing Plaintiff to file supplemental argument for leave to file documents under seal. See ECF Docs. 34, 35.

6. Plaintiff subsequently filed a supplemental brief in support of his request to file documents under seal. ECF Doc. 36.

7. Plaintiff moved for a preliminary injunction. ECF Doc. 9, 9-1, 9-2.

8. The Attorney General filed a brief in opposition to Plaintiff's motion for preliminary injunction. ECF Doc. 18.

9. Plaintiff filed a reply brief to the Attorney General's opposition to the motion for preliminary injunction. ECF Doc. 26.

10. The District Attorney filed a brief in opposition to Plaintiff's motion for preliminary injunction. ECF Doc. 22.

11. Plaintiff filed a reply brief to the District Attorney's opposition to the motion for preliminary injunction. ECF Doc. 27.

12. The Attorney General filed a motion for summary judgment. See ECF Doc. 20.

13. Plaintiff filed a motion for summary judgment and supporting brief. See ECF Docs. 24, 24-1.

14. The District Attorney filed a motion for summary judgment.  ECF Doc. 25.

15. The Attorney General filed a brief in opposition to Plaintiff's motion for summary judgment.  Doc. 28.

16. Plaintiff filed a reply brief in response to the Attorney General.  ECF Doc. 32.

17. The District Attorney filed a brief in opposition to Plaintiff's motion for summary judgment.  Doc. 29.

18. Plaintiff filed a reply brief in response to the District Attorney.  ECF Doc. 33.

19. Plaintiff filed a brief in opposition to the Attorney General's motion for summary judgment.  ECF Doc. 28.

20. Plaintiff filed a brief in opposition to the District Attorney's motion for summary judgment.  ECF Doc. 31.

21. The Court held oral argument on the cross-motions for summary judgment on January 9, 2024.

22. By order dated January 10, 2024, the Court declared 24 Pa. Cons. Stat. § 2070.17b(a), (b) "unconstitutional as applied to Plaintiff in connection with his June 22, 2023 misconduct complaint[.]"  ECF Doc. 42, pp. 1-2, ¶ 3.

23. The Court further permanently enjoined the District Attorney "from bringing criminal sanctions against Plaintiff for publicly disclosing the fact that he filed the misconduct complaint, the nature of that complaint, and the Department's disposition of that complaint, including the Department's July 26, 2023 letter."  *Id*.

24. The Court granted the Attorney General's motion for summary judgment.

## II. Plaintiff's Status as Prevailing Party

25. Congress has provided that a court "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]"  42 U.S.C. § 1988.

26. An award of counsel fees under 42 U.S.C. § 1988 should be granted a "when a party has prevailed on the merits of at least some of his claims."  *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (citing *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980) (per curiam)).

27. "The touchstone of the prevailing party inquiry … is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."  *Sole v. Wyner*, 551 U.S. 74, 82 (2007) (quoting *Texas State Teachers Assn. v. Garland Independent School Dist.,* 489 U.S. 782, 792–793 (1989) (international quotation marks omitted) (citations omitted)).

28. Because Plaintiff has obtained a permanent injunction against the District Attorney, he is a prevailing party as to the District Attorney.

## III. Reasonableness of Attorneys' Fees to Be Awarded

29. As a prevailing party against the District Attorney, Doe is "entitled to reasonable attorneys' fees and costs under 42 U.S.C. § 1988."  *Planned Parenthood of Cent. New Jersey v. Attorney Gen. of State of New Jersey,* 297 F.3d 253, 265 n.5 (3d Cir. 2002).

30. "A reasonable hourly rate multiplied by a reasonable number of hours expended—the 'lodestar'—is the presumptively reasonable fee."  *Id.* (citing *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 177 (3d Cir. 2001); *Hensley v. Eckerhart,* 461 U.S. 424 (1983)).

31. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

32. "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id*.

### IV.  Reasonable Hourly Rates

33. "A reasonable rate is the prevailing market rate in the relevant community." *Planned Parenthood of Cent. New Jersey,* 297 F.3d at 265 n.5 (citing *Loughner,* 260 F.3d at 180).

34. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters." *Hensley,* 461 U.S. at 435 (footnote omitted) (internal citation omitted).

35. Both this Court and the Third Circuit have looked approvingly at the rate schedule of Community Legal Services, Inc. ("CLS Rate Schedule"), of Philadelphia, a non-profit legal services organization, to assist in determining an appropriate hourly rate for court-awarded attorney's fees.  See *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001) ("The fee schedule established by Community Legal Services, Inc. ("CLS") 'has been approvingly cited by the Third Circuit as being well developed and has been found by [the Eastern District of Pennsylvania] to be a fair reflection of the prevailing market rates in Philadelphia.'") (citations omitted).  See also *Holt v. Pennsylvania*, CV 10-5510, 2020 WL 2098103, at *14 (E.D. Pa. May 1, 2020) ("Courts in this district typically consider the CLS schedule when determining a reasonable hourly rate in a lodestar analysis.").  A copy of the CLS Rate Schedule (revised as of

January 19, 2023) is attached as Exhibit A.  See https://clsphila.org/aboutcommunity-legal-services/attorney-fees/ (last accessed 1/23/2024).

### V. Time Expended

36. Plaintiff submits as part of this motion a comprehensive record of time and expenses of his attorneys expended in this matter.  See Exhibit B.

37. Plaintiff also submits as part of this motion the affidavits of his counsel, Aaron D. Martin, Esquire ("Attorney Martin") and Sarah E. Straub, Esquire ("Attorney Straub") (respectively, the "Martin Affidavit" and "Straub Affidavit"), as well as an affidavit of James A. Beebe, J.D., a law clerk assisting in the case ("Beebe Affidavit"), as to time expended by each professional.  See Exhibits C, D and E hereto respectively.

38. Of additional note, in the Third Circuit "[a] party entitled to an award of attorneys' fees is entitled to reimbursement for the time spent litigating its fee application." *Planned Parenthood of Cent. New Jersey,* 297 F.3d at 268 (citing *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978)).

### VI. Plaintiff's Attorneys

39. Attorney Martin has practiced law continuously in Pennsylvania for more than twenty-eight years, having been first admitted to the bar of the Supreme Court of Pennsylvania in 1995 and to the bar of this Court in 1996.  Exhibit C.

40. Attorney Martin's career includes significant experience litigating First Amendment claims, including the notable cases of *Stilp v. Contino*, 629 F. Supp. 2d 449 (M.D. Pa. 2009), *aff'd*, 613 F.3d 405 (3d Cir. 2010), *on remand*, 743 F. Supp. 2d 460 (M.D. Pa. 2010), and *Schrader v. District Attorney of York County*, 74 F.4th 120 (3d Cir. 2023).  *Id*.

6

41.     The Court cited to the *Stilp* decision more than fifteen times in its memorandum in support of permanent injunction against the District Attorney.[2]  See ECF Doc. 41.

42.     The Court cited to the *Schrader* decision at least nine times in its memorandum in support of permanent injunction against the District Attorney.  See *id.*

43.     Beyond this, Attorney Martin has previously litigated the constitutionality under the First Amendment of the exact same provision of the Educator Discipline Act that the Court has in the present case enjoined the District Attorney from enforcing.  Exhibit C.

44.     In the case of *Doe v. Wolf,* 1:18-CV-1370 (M.D. Pa.), *on appeal sub nom. Doe v. Governor of Pennsylvania*, 790 Fed. Appx. 398 (3d Cir. 2019) (not precedential), Attorney Martin brought a First Amendment challenge to the constitutionality of Section 17.2 of Pennsylvania's Educator Discipline Act, 24 Pa. Cons. Stat. § 2070.17b(b), which was extensively litigated until reaching a non-trial disposition. *Id.*

45.     In the course of the litigation Attorney Martin obtained a vacatur in the Third Circuit of the District Court's denial of his client's request for a preliminary injunction. *Doe, supra*.

46.     In the course of the prior *Doe* litigation Attorney Martin became intimately familiar with the law at issue in the present case, the specific constitutional infirmities within the law, and extensively briefed issues of abstention, standing and the substantive constitutionality of the law, many of which issues were also at issue in the present case.  Exhibit C.

---

[2] The *Stilp* case has been referenced in numerous federal cases across the United States. *See, e.g., Matter of Subpoena 2018R00776*, 947 F.3d 148, 155 n.35, 156 n.39 (3d Cir. 2020); *Tschida v. Motl*, 924 F.3d 1297, 1303 (9th Cir. 2019); *Def. Distributed v. United States Dep't of State*, 865 F.3d 211, 212 (5th Cir. 2017) (Elrod, Jones, Smith and Clement, JJ.) (dissenting from denial of rehearing *en banc*); *Argen v. Katz*, CV 18-963(SDW)(LDW), 2023 WL 3815396, at *5 (D.N.J. June 5, 2023); *Cox v. McLean*, 49 F.Supp.3d 765 (D. Mont. 2014).

47. Attorney Martin was able to draw upon this specific subject matter experience in litigating the present case and realized a significant reduction in total time required for legal research in litigating this case. *Id.*

### VII. Reasonable Fees for Plaintiff's Attorneys and Professional Staff

48. The CLS Rate Schedule provides billing rates between $735 and $850 for attorneys who hold more than twenty-five years of experience such as Attorney Martin. See Exhibit A.

49. The CLS Rate Schedule provides billing rates between $235 and $260 for attorneys with less than two years of experience such as Attorney Straub.[3] See *id*.

### A. Attorney Aaron D. Martin

50. Plaintiff submits that Attorney Martin's services are properly assessed at the rate of $792.50, the mid-point of the CLS Rate Schedule for an attorney of his seniority.[4]

> In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience—as the prevailing market rate.

*Blum v. Stenson*, 465 U.S. 886, 896, n.11 (1984).

51. Samuel C. Stretton, Esquire, by declaration submitted herewith ("Stretton Declaration") affirms the reasonableness of an hourly rate of $792.50 for Attorney Martin in this

---

[3] Attorney Straub reached the beginning of her third year of legal practice at the approximate mid-point of this case.

[4] As is customary in this District, the rate charged for travel to attend Court for oral argument on January 11, 2024, is being discounted by one-half, i.e., charged at the rate of $396.25, which adjustment is reflected in the time and expense reconciliation. *See* Exhibit F.

case and attests that such rate is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.  See Exhibit G.

52. As noted in the Stretton Declaration, Attorney Martin's skill is evident in the compressed time-frame in which he was able to work with opposing counsel and the Court to advance the case expeditiously toward final adjudication, avoiding the necessity both of formal discovery and trial to reach final adjudication upon stipulated facts.  *Id*.

53. This case was first filed on August 23, 2023, ECF Doc. 1, and the Court entered its 47-page memorandum with accompanying order on January 10, 2024, less than five months later.[5]  ECF Docs. 41, 42.

54. Attorney Martin's cooperation with opposing counsel to develop a joint set of stipulated facts upon which the Court could rule expeditiously indicates time-economizing skill in conducting the litigation as Plaintiff's counsel.  Exhibit G.

55. In addition, Attorney Martin's twenty-eight years of legal practice, his successful litigation of the *Stilp* and *Schrader* cases, and his specific experience in litigating the constitutionality of the secrecy mandate contained in 24 Pa. C.S. § 2070.17(b) in the prior Middle District *Doe* case, all demonstrate significant relevant experience to the case before the Court.  *Id.*

56. Finally, Attorney Martin has a good reputation in the legal community.  *Id.*

---

[5] Plaintiff notes and thanks the Court for its expeditious resolution of this case on an accelerated timeline.

### B.  Attorney Sarah E. Straub

57. Attorney Martin was assisted in this case by Attorney Straub, who was admitted to the Pennsylvania bar on October 25, 2021 and admitted to the bar of this Court on May 16, 2022.  Exhibit D.

58. Attorney Straub began her third year of legal practice almost at the mid-point of the four-and-one-half month life-cycle of this case.  *Id.*

59. Attorney Straub has served as co-counsel of record and assisted Attorney Martin in approximately fifteen First Amendment cases.  *Id.*

60. Plaintiff submits that the high-end of the CLS fee schedule for attorneys with less than two years of experience, i.e., $260.00, is appropriate for Attorney Straub, who reached the beginning of her third year of legal practice during the pendency of this case.  See Exhibit G, Declaration of Samuel C. Stretton, Esquire.

### C.  James A. Beebe, J.D., and Support Staff

61. James A. Beebe is a law clerk employed by the law firm of Mette, Evans & Woodside.  Exhibit E.

62. Mr. Beebe received a Juris Doctor from Widener Commonwealth Law School and passed the Pennsylvania Bar Exam in 2023 prior to his involvement in this case.  *Id.*

63. Mr. Beebe has applied for and is awaiting formal admission to the practice of law by the Pennsylvania Supreme Court and is assisting attorneys in the firm as a law clerk pending his admission to the bar.  *Id.*

64. Plaintiff submits that an hourly rate of $190, which is at the highest end of the CLS Rate Schedule for law students and at the lowest end of such range for paralegals, is appropriate for Mr. Beebe's services as a law clerk in this matter.  Exhibits A, E.

65.     Some minimal work in this case was performed by professional support staff to Plaintiff's attorneys, which work was primarily in the nature of e-filing.  See Exhibit B.

66.     Plaintiff proposes a rate for such work at the lowest level of the CLS Rate Schedule for paralegal support for such time, i.e., at $190 per hour.  See Exhibit A.

### VIII.  Reduction in Time for Prevailing Against District Attorney Only

67.     The Court denied Plaintiff's request for a permanent injunction as to the Attorney General.  See ECF Doc. 42 (granting summary judgment in favor of Attorney General Henry).

68.     Plaintiff accordingly agrees that a reduction in total hours worked on this case is appropriate.

69.     Plaintiff submits a statement of time and expenses, with adjustments thereto, to reflect litigation against the District Attorney as opposed to the Attorney General, and proposes reductions from the gross time spent in this case.  See Exhibit F.

70.     Entries marked in yellow are proposed to be reduced by 50% for a total reduction of $1,504.13.

71.     Entries marked in blue are proposed to be reduced by 100% as attributable to work against the Attorney General as opposed to the District Attorney for a total reduction of $11,740.

72.     Additionally, travel time on January 9, 2024, is reduced by one-half to reflect a one-half hourly rate for travel, for a reduction of $1,664.25.

73.     The total proposed reduction in recorded time times is accordingly $14,908.38.

### IX. Non-Taxable Expenses Properly Awarded

74. Federal Rule of Civil Procedure 54(d)(2)(A) provides for an award by motion to a prevailing party of "related nontaxable expenses" in addition to attorney's fees. Fed. R. Civ. P. 54(d)(2)(A).

75. "[A] district court is permitted to award non-taxable expenses, which may include costs for postage, telephone, expert fees, travel, deposition transcripts, shipping, parking, lodging and food." *Borrell v. Bloomsburg Univ.*, 207 F. Supp. 3d 454, 523 n.58 (M.D. Pa. 2016) (quoting *Bowers v. Foto–Wear, Inc., No.,* 2007 WL 4086339, at *5 (M.D. Pa. Nov. 15, 2007)) (in turn citing *David v. AM Intern.,* 131 F.R.D. 86, 90 (E.D. Pa.1990); *Rank v. Balshy,* 590 F.Supp. 787, 801–804 (M.D. Pa. 1984)); *Blagrave v. Nutrition Mgmt. Servs. Co.*, No. CIV.A. 05 6790, 2009 WL 440299, at *8 (E.D. Pa. Feb. 20, 2009)).

76. "[T]he expense must be adequately documented and reasonable." *Id*. (quoting *Becker v. ARCO Chem. Co.*, 15 F.Supp.2d 621, 637 (E.D. Pa.1998) (citation omitted)).

77. Plaintiff's attorney incurred $148.74 in travel costs (representing 222 miles round-trip distance from 3401 North Front Street, Harrisburg, PA, to 601 Market Street, Philadelphia, PA) at the 2024 IRS reimbursement rate of $0.67 per mile, $22.00 in tolls for round-trip travel on the Pennsylvania Turnpike,[6] and $21.00 in parking charges from the Philadelphia Parking Authority. See Exhibit B.[7]

---

[6] On review, it was noted that the time and expense ledger incorrectly recorded this charge as $23.20. The correct charge is $22.00.

[7] Plaintiff will seek reimbursement for taxable costs separately in accordance with the rules of court. *See* Fed. R. Civ. P. 54(d)(1).

78. All such charges were incurred on January 9, 2024, the date on which Attorney Martin travelled from his office in Harrisburg to Philadelphia to argue Plaintiff's motion for summary judgment.

## X.  Total Award Requested

79. Reasonable legal fees awardable are $63,820.87

80. Reasonable related non-taxable expenses awardable are $191.74.

WHEREFORE, Plaintiff moves the Court to award $63,820.87 in attorney's fees and $191.74 in non-taxable expenses in his favor and against Defendant District Attorney.

Respectfully submitted,

METTE, EVANS & WOODSIDE

By: _____
Aaron D. Martin
Pa. Atty. I.D. No. 76441
Sarah E. Straub
Pa. Atty. I.D. No. 330748
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000 (phone)
admartin@mette.com
sestraub@mette.com

*Attorneys for Plaintiff,
John Doe*

Date: January 23, 2024.